UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTOPHER R. SHAFFER                                                      PLAINTIFF

v.                                          CIVIL ACTION NO. 3:07CV-P630-S

TOM D. CAMPBELL *et al.*                                         DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the complaint (DN 1) and amended complaint (DN 13) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Plaintiff brings his action under 42 U.S.C. § 1983. For the reasons that follow, a portion of the claims will be dismissed and a portion will proceed beyond initial screening.

### I.

Although Plaintiff is currently incarcerated at the Luther Luckett Correctional Complex, the allegations in the complaint concern his detention at the Louisville Metro Department of Corrections ("Metro Corrections"). He names the following entities and officers as Defendants in both their official and individual capacities: Tom D. Campbell, Director of Metro Corrections; Prison Health Services, Inc.; Metro Corrections Lieutenant Edgars; Metro Corrections Officer Furman; and Louisville Metro Department of Corrections. As relief, Plaintiff seeks monetary and punitive damages as well as an injunction "to monitor the Jail's compliance with state and Federal regulations governing the treatment of inmates."

Plaintiff raises three claims. As to the first claim, Plaintiff alleges that he was physically attacked by another inmate (despite having made numerous contacts with jail staff concerning his safety and security) and that, due to the severity of the injuries, he was immediately

transported to the emergency room at the University of Louisville. He received injuries to his head, knees, shoulders, and spine, and was diagnosed with a distal radius fracture of his wrist. The emergency room physician prescribed "Loratab 5/500," ordered Plaintiff to return to the ER for uncontrolled pain, and directed jail officials to call the hospital on the following Monday to schedule a surgery on Plaintiff's hand. Plaintiff claims, however, that once he was returned to Metro Corrections, instead of being given Loratab as ordered, he was offered Tylenol with codeine. When Plaintiff advised jail staff of a severe allergy to codeine, he was offered only regular Tylenol or ibuprofen. Plaintiff additionally continued to complain and submit medical slips advising of severe pain but his complaints were ignored. Jail staff additionally failed to call the Monday after Plaintiff's release from the hospital to schedule Plaintiff's hand surgery. Rather, they waited four weeks to schedule the appointment and did so around the time Plaintiff's mother started asking questions about Plaintiff's care.

> Plaintiff claims that when he was finally transported back to U of L Hospital, he was advised that his fracture had began healing abnormally which resulted in a deformity and that arthritis had began to form along the joints, which ultimately prolonged the requisite surgery further to an open-ended date pending tests associated with his now healing deformity and the forming of arthritis along his joints. [Plaintiff] now has no range of motion in his left hand and an extremely limited range of motion in his right hand. He has likewise lost his ability to grip. . . .

He alleges an Eighth Amendment claim of deliberate indifference to a serious medical need and, because he complains of negligence in the complaint, the Court construes the action as containing a supplemental state-law negligence claim.

    As to his second claim, Plaintiff alleges that Defendant Corrections Officer Furman "'frisk searched'" him and that, during the course of the search, Defendant Furman grabbed his testicles and "squeezed causing him extreme pain" in violation of the Eighth Amendment.

2

Finally, with respect to his third claim, Plaintiff contends that Defendant Lieutenant Edgars "acted with deliberate indifference by failing to perform his ministerial duties to conduct the appropriate investigation" into the abuse purportedly committed by Defendant Furman and, thereby, violated his rights under the Eighth Amendment.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, a court must "look for plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III.

**A.     Louisville Metro Department of Corrections**

Louisville Metro Department of Corrections is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Therefore, the claims against the jail must be dismissed.

**B.     Injunctive Relief**

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir.1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) (same). Here, Plaintiff asks the Court to order monitoring of the Louisville Metro Department of Corrections' compliance with regulations concerning the treatment of inmates. As Plaintiff is no longer incarcerated at Metro Corrections, it is clear that Plaintiff would derive no benefit from granting the requested relief, and his claim for injunctive relief must be dismissed.

**C.     Remaining Claims**

Upon consideration, the Court will allow the Eighth Amendment and state-law negligence claims for damages to proceed against Defendants Campbell and Prison Health Services, Inc. The Court will further allow the Eighth Amendment claims to proceed against

Defendants Furman and Edgars. In permitting these claims to proceed, the Court passes no judgment on the ultimate merit and outcome of the action.

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4411.005