## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

CHRISTOPHER R. SHAFFER                                                         PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:07-CV-P630-S

TOM D. CAMPBELL et al.                                                      DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Christopher R. Shaffer, filed a complaint pursuant to 42 U.S.C. § 1983 against, *inter alia*, Jeremiah Furman, a corrections officer at the Louisville Metro Department of Corrections where Plaintiff was incarcerated (DN 1). On initial review of the complaint, the Court allowed the claim against Defendant Furman to go forward. Defendant Furman has now filed a motion to dismiss the complaint against him (DN 45). Plaintiff has not filed a response although he has had ample time to do so. The matter being ripe, the Court will grant Defendant Furman's motion for the following reasons.

### I. FACTS

With regard to Defendant Furman, the complaint and amended complaint state *in toto*:

> On or about February 5, 2007, [Plaintiff] was being "frisk searched" by Correctional Officer Furman, an employee of the Louisville-Metro Jail. During the course of this search, C/O Furman grabbed [Plaintiff's] testicles and squeezed causing him extreme pain. [Plaintiff] immediately asked C/O Furman why he was conducting himself in such a manner and why he would try and impose harm upon him? With no response thereto [Plaintiff] submitted a handwritten letter to the Internal Affairs Lieutenant Edgars, an employee of the Louisville-Metro Jail. In this letter, [Plaintiff] advised as to the conduct of the Correctional Officer (Furman), and advised as to how C/O Furman attempted, and did, cause him extreme pain as a result of C/O Furman "grabbing [his] testicles." (currently filed a Kentucky Open Records Request in order to receive documents necessary to establish evidence of occurrence). To date, Mr. Shaffer never received an investigation into the conduct of C/O Furman acting in an arbitrary manner, in

> direct violation of [Plaintiff's] right guaranteed by the 8th
> Amendment to the United States Constitution to be free from
> "Cruel and Unusual Punishment."

Attached to Plaintiff's complaint are voluminous medical and other records. The Court has examined these records and found no reference to testicular injury or pain.

## II. ANALYSIS

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss for failure to state a claim upon which relief can be granted. In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Defendant Furman argues in his motion to dismiss that the allegation that on a single occasion he squeezed Plaintiff's testicles causing Plaintiff "extreme pain" is insufficient to state a claim because a claim under the Eighth Amendment requires more than *de minimis* injury.

The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized

2

persons requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, in interpreting this statute against prisoners' complaints, courts have required that the injury be more than *de minimis*. *See*, *e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury"); *Zehner v. Trigg*, 952 F. Supp. 1318, 1327 (S.D. Ind. 1997) (holding no physical injury from asbestos in the air requires dismissal, without prejudice to plaintiff's right to later satisfy the physical injury requirement).

Courts considering similar claims have held that allegations of contact with an inmate's genitals during the course of a single pat-down search or full frisk are insufficient to support a claim of constitutional dimension. *See Davis v. Castleberry*, 364 F. Supp. 2d 319, 321-22 (W.D.N.Y. 2005) (finding allegation that officer grabbed inmate's penis during routine pat-down insufficient to state constitutional claim and noting that a legitimate pat-down may require touching inmate's genital area for the search to be effective); *Williams v. Keane*, No. 95 Civ. 0379, 1997 WL 527677, at *11 (S.D.N.Y. Aug. 25, 1997) (no Eighth Amendment claim where inmate alleged that his testicles were fondled by officer as part of a routine pat-down when exiting the mess hall). As one court has explained:

> [a]ny manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search. Although "grabbing" and "tugging" could cause some discomfort and embarrassment, it does not rise to the level of "unnecessary and wanton infliction of [pain]" so long as it occurs as part of an otherwise justified search.

*Cherry v. Frank*, No. 03-129, 2003 WL 23205817, at *12 (W.D. Wis. Dec. 4, 2003); *see also*

3

*Hughes v. Smith*, 237 F. App'x 756, 759 (3d Cir. 2007) (per curiam); *Bradley v. United States*, 299 F.3d 197, 203 (3d Cir. 2002). Plaintiff's allegation that Defendant Furman squeezed his testicles in the course of a frisk is likewise insufficient to implicate constitutional concerns.

Although in the excessive-force context, pain itself could be of such a degree so as to constitute more than *de minimis* injury when the need for force was non-existent or minimal, *see*, *e.g.*, *Lawrence v. Bowersox*, 297 F.3d 727 (8th Cir. 2002), such a claim has both an objective and subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires that the pain be serious, while the subjective component requires that the offending, non-penal conduct be wanton. *Watkins v. Evans*, No. 95-4162, 95-4341, 1996 WL 499094, at *2 (6th Cir. Sept. 3, 1996). Thus, even assuming for purposes of deciding the instant motion that Plaintiff's allegation of "extreme pain" was more than *de minimis*, Plaintiff's complaint contains no allegation regarding the subjective component of an Eighth Amendment claim, or, in other words, that Defendant Furman acted for the purpose of sadistically imposing pain.

### III. CONCLUSION

For the foregoing reasons, by separate Order, Defendant Furman's motion to dismiss will be granted.

Date:


cc: Plaintiff, *pro se*
   Counsel of record
4411.009

4